

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLY GEORGE, | ) | CIV 09-4088 |
| PLAINTIFF, | ) | |
| VS | ) | **COMPLAINT** |
| EZCORP, INC., | ) | |
| DEFENDANT. | ) | |

## JURISDICTION

(1) This is a sexual harassment and retaliation action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

(2) This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(4). Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000-5(f)(3).

(3) Plaintiff Carly George (formerly Carly Brown) is a resident of Sioux Falls, South Dakota.

(4) George was an employee of the Defendant EZCORP, Inc., which is incorporated in Austin, Texas, and which does business in Sioux Falls, South Dakota, under the name of "EZ Payday Advances."

(5) George timely filed her Charge of Discrimination with the South Dakota Division of Human Rights on July 14, 2008, and received a Notice of Right to Sue from the EEOC on April 1, 2009.

COUNT ONE:
VIOLATION OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964
(Gender Discrimination, Sexual Harassment/Hostile Work Environment)

(6) George is in a protected class as she was a female employee of EZCORP, Inc. from July of 2007 until May 13, 2008.

(7) During the course of her employment, George was regularly subjected to unwelcome sexual harassment in the form of sexually inappropriate language and comments related to her gender from an EZCORP, Inc. manager named Peter McCormick.

(8) McCormick's behavior toward George was related to her gender.

(9) Examples of offensive, gender-specific comments from McCormick to George included comments about noticing her cleavage; McCormick told George on a daily basis that she was "fucking stupid" and she had the brain the size of a gnat; McCormick used the word "fuck" and other sexually-related profanity randomly in conversation with George her and around her when he knew it made her uncomfortable; and McCormick made a comment in the presence of another male managerial employee that George could not tell that McCormack was in a good mood and smiling at her because he was wearing pants.

(10) McCormick used offensive, sexually-related language to George, belittled and humiliated her, threatened to withhold her paycheck or fire her and otherwise

behaved in a invasive, physically aggressive manner toward her on a regular basis throughout her employment to the point that her workplace was permeated with discrimination, intimidation, ridicule and insult.

(11) On several occasions during her employment, McCormick required George to alter work records and otherwise violate company policies in order to obtain her paycheck.

(12) McCormick did not require male workers to alter company records to obtain their paychecks.

(13) McCormick treated women in a more threatening demeaning and intimating way than he treated males in the EZCORP, Inc. workplace.

(14) At least one other female employee quit before George because of McCormick's workplace behaviors.

(15) McCormick's behavior to George created a hostile working environment for George and for women in general.

(16) Other managerial employees witnessed McCormick's behavior toward George and other women in the workplace but did not take proper or effective remedial action.

(17) McCormick's offensive comments, demeaning work assignments, work limitations and behaviors toward George were motivated by her gender and constitute gender discrimination and sexual harassment are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

(18) George was subjected to a hostile and intimidating work environment because of the gender discrimination and sexual harassment by her supervisor, which

substantially interfered with the terms and conditions of her employment at EZCORP, Inc.

(19) EZCORP, Inc. failed to enforce effective anti-discriminatory policies in the workplace in violation of George's federally protected employment rights.

(20) George was constructively discharged from her employment because of the severity of McCormick's ongoing harassing and offensive behaviors.

(21) George was constructively discharged from her employment because of EZCORP, Inc.'s failure to enforce anti-discrimination policies.

(22) George lost wages, benefits, incurred costs and related expenses as a result of being unemployed and has suffered humiliation, anxiety and stress as a result of EZCORP, Inc.'s actions.

(23) George's stress and health problems were a reasonably foreseeable result of McCormick's discriminatory treatment.

(24) George's stress and health problems were a reasonably foreseeable result of EZCORP, Inc.'s inactions.

(25) McCormick's treatment of George in the workplace was willful, reckless and malicious and in intentional disregard of George's federally protected employment rights.

(26) EZCORP, Inc.'s treatment of George in the workplace was willful, reckless and malicious and in intentional disregard of George's federally protected employment rights.

## COUNT TWO:
## VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

(27) Plaintiff reasserts the allegations of her complaint as alleged in paragraphs 1-26.

(28) Beginning in December 2007, George could no longer tolerate McCormick's sexually harassing, intimidating and demeaning behavior.

(29) In December 2007, George reported McCormick's sexually harassing, intimidating and demeaning behavior to Human Resources Manager Jodie Collien.

(30) Collien made a visit to EZCORP, Inc.'s Sioux Falls office in January 2008, but did not interview or otherwise discuss George's sexual harassment report with George.

(31) In January, 2008, another employee submitted an anonymous complaint about McCormick's use of profanity to EZCORP, Inc. management.

(32) Approximately two weeks after Collien's visit to the Sioux Falls office, George reported McCormick's sexually harassing, intimidating and demeaning behavior to Nick Meindle who had authority over McCormick.

(33) Meindle made a visit to EZCORP, Inc's Sioux Falls office in January 2008, but did not interview or otherwise discuss George's sexual harassment report with George.

(34) McCormick admitted to Meindle that the allegations about his use of profanity in the workplace were true.

(35) McCormick was advised that further use of profanity could result in his termination.

(36) McCormick continued to use profanity on a regular basis.

(37) On April 16, 2008, George and another female employee submitted a written complaint about McCormick's use of offensive profanity toward George.

(38) EZCORP, Inc. investigated this complaint and determined that George's report was accurate.

(39) McCormick's only disciplinary action was that he was documented for use of profanity toward George and was again advised that use of profanity could result in termination. McCormick was advised not to retaliate against George.

(40) On May 8, 2008, George reported to EZCORP, Inc. management that McCormick made a sexually offensive remark to her in the presence of another manager.

(41) McCormick denied making the comment.

(42) As a result of George's May 8, 2008 complaint, McCormick was reminded that use of professional language and behavior was a mandatory job responsibility to which he must adhere.

(43) McCormick continued to use graphic, offense profanity toward George in the workplace.

(44) On May 12, 2008, EZCORP, Inc. informed George that it did not find sufficient evidence to support her claim of the sexually inappropriate remark.

(45) On May 13, 2008, George contacted EZCORP, Inc. to discuss how to give two week's notice because her work conditions were intolerable.

(46) EZCORP, Inc. told George that she could not use vacation leave and had to stay in the Sioux Falls office and continue to work for McCormick throughout her two week notice period so that it could find a replacement for her.

(47) EZCORP, Inc. retaliated against George as a result of her repeated reports and complaints of gender discrimination by her supervisor by refusing to properly address her supervisor's harassing behavior, by failing to accurately documenting her complaints, by failing to provide a safe, unintimidating work environment, by enforcing its policies to benefit itself and her harasser and by refusing to allow her to use vacation.

(48) As a direct result of her complaint about unequal and unfair treatment based on gender, George was constructively discharged.

(49) After George's constructive discharge, EZCORP, Inc. manufactured false and pretextual claims about George's workplace behavior in an effort to intimidate her and discourage her from asserting her federally protected employment rights.

(50) George lost wages, benefits, incurred costs and related expenses as a result of being unemployed and has suffered humiliation, anxiety and stress as a result of EZCORP, Inc.'s retaliatory actions.

(51) George's stress and health problems were a reasonably foreseeable result of EZCORP, Inc.'s Heartland's retaliatory treatment.

(52) EZCORP, Inc.'s actions toward George were willful, reckless and malicious and in intentional disregard of George's federally protected employment rights.

WHEREFORE, George prays for judgment against EZCORP, Inc. as follows:

a. For a trial by jury on the merits of her claim;

b. For compensatory damages in such amount as the evidence at trial may show;

c. For damages, including but not limited to, those damages allowed by 42 U.S.C. §2000 *et seq* , the Civil Rights Act of 1991, 42 USCA 1981 and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d. For punitive damages in such an amount as the evidence at trial may show;

e. For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 25th day of June, 2009.

JOHNSON & EKLUND

Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff
(605) 835 8391